eral interest and importance, the practical and complex problems created by the *Killian* scheme, as perceived by the plaintiff and articulated to this court, require re-examination of *Killian*. The plaintiff's counsel is well aware of the procedure for requesting the supreme court to reexamine its decisions. In following such procedure, he can point out any possible adverse practical effects of the *Killian* scheme on employers, employees, insurers, their attorneys, and the public policy underlying The Workers' Compensation Law.

In his second point on appeal, the plaintiff contends the trial court erred because "the interpretation of § 287.120 which places the decision making authority with the administrative law judge may not be retrospectively applied to [the plaintiff] because this statutory interpretation is substantive in nature and was decided *after* [the plaintiff's] worker's compensation case was dismissed. (Emphasis in original.)"

■■■ The plaintiff's argument is constitutionally based. He charges, "Any retrospective application of the doctrine violates the provisions of Article I, § 13 of the Missouri Constitution, and must be reversed." The plaintiff raises an alleged violation of Article I, § 13 for the first time on appeal. For constitutional questions of the nature of those we perceive as being raised in the plaintiff's Point II to be preserved for appellate review, those questions "must be presented at the earliest possible moment 'that good pleading and orderly procedure will admit under the circumstances of the given case[;] otherwise [they] will be waived.' " *Meadowbrook Country Club v. Davis*, 384 S.W.2d 611,

612 (Mo.1964) (quoting *Securities Acceptance Corp. v. Hill*, 326 S.W.2d 65, 66[1] (Mo.1959)). *See also Bauldin v. Barton County Mut. Ins. Co.*, 666 S.W.2d 948, 951 (Mo.App.1984). Because the plaintiff did not raise the constitutional issue of retrospective application of the *Killian* interpretation of § 287.120 at the earliest possible time in the proceedings, he has waived it. *Killian*, 802 S.W.2d at 161 n. 1. Nothing is preserved for appeal. *Id. Butler Co.*, 219 S.W.2d at 376–78, teaches that the retrospective application issue cannot be a part of the case on appeal based on the doctrine of inherency. We reject Point II.[5]

Order of dismissal affirmed.

PARRISH, C.J., and CROW, P.J., concur.

**Virgil K. ALEXANDER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 46209.**

Missouri Court of Appeals,
Western District.

Oct. 6, 1992.

R. Cristine Stallings, Columbia, for appellant.

---

5. We have, *ex gratia*, considered the plaintiff's second point and argument. The nub of the plaintiff's argument is found in this passage from his brief:

The *Killian* decision stands as a judicial explanation of statutory authority, placing the decision within the proscriptions in Article I, § 13. While this prohibition is inapplicable to purely judicial decision[s], such as divorce decrees, *In Re Simpelo*, 542 S.W.2d 558 (Mo. App.W.D.1976), a legislative enactment, or its interpretation and application by the Court, lies within that proscription.

The plaintiff cites no authority for his apparent assertion that Article I, § 13, although not applicable to trial court decisions, does apply to the "explanation," "interpretation," and "application" of a statute by an appellate court. The plaintiff's argument, in the context of an *ex post facto* argument, was rejected in *Moore v. State*, 651 S.W.2d 578, 580–81 (Mo.App.1983). We believe the rationale of *Moore* controls on the merits of the plaintiff's allegation of error. *See also State ex rel. Clark v. Shain*, 343 Mo. 66, 119 S.W.2d 971, 972–73 (Mo. banc 1938).

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, C.J., and BERREY and BRECKENRIDGE, JJ.

### ORDER

PER CURIAM:

Appeal from the denial of a Rule 24.035 motion for postconviction relief without an evidentiary hearing. The judgment is affirmed. Rule 84.16(b).

■

**William H. FIELD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 45631.**

Missouri Court of Appeals, Western District.

Oct. 13, 1992.

Robert L. Fleming, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and SHANGLER and FENNER, JJ.

### ORDER

PER CURIAM:

Appeal from the denial of a Rule 24.035 motion for post-conviction relief.

Affirmed. Rule 84.16(b).

■

**Venneth M. DIBBEN, Appellant,**

v.

**Walt PATYKIEWICZ, Respondent.**

**No. WD 45285.**

Missouri Court of Appeals, Western District.

Oct. 13, 1992.

Ronald R. Hollinger, Boland, McQuain, Block, DeHardt & Rosenbloom, Kansas City, for appellant.

Sherry D. DeJanes, Mathis & DeJanes, Kansas City, for respondent.

Before LOWENSTEIN, C.J., and BERREY and SMART, JJ.

### ORDER

PER CURIAM:

Appeal from a dismissal of plaintiff's cause of action on grounds that the action is barred by the statute of limitations. Judgment affirmed. Rule 84.16(b).